UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No.   8:06-cr-90-T-23MAP
                      8:07-cv-2315-T-23MAP

KURT LOUIS RHODE
_____/

**O R D E R**

Rhode's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of Rhode's conviction for attempting to persuade a minor to engage in sexual activity, for which offense he is serving 60 months. Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). Rhode's motion lacks merit because in the plea agreement Rhode waived the right to raise the grounds he asserts in the motion to vacate.

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

## **FACTS**[2]

Beginning on October 11, 2005, Hillsborough County Detective P. Grow was working online in an undercover capacity, posing as a 14-year-old female, utilizing the America On Line (AOL) screen name "Beachgurlfla." Detective Grow entered a AOL chatroom entitled "vry y" (very young).

Shortly after Detective Grow entered the chatroom, she was contacted by the defendant using the AOL screen name "Kkurtr1." The defendant was using the internet from his computer located in Battle Creek, Michigan. Detective Grow was using a computer located in Tampa, Florida. The defendant indicated that he was 48 years old and Detective Grow indicated that "Beachgurlfla" was a 14-year-old female. The defendant acknowledged the age difference between himself and "Beachgurlfla" and proceeded to ask her if she had ever been with older guys. He asked her if she lost it, at what age and how many times. Detective Grow replied recently at 14 and had been with only one boyfriend. The defendant then asked "Beachgurlfla" if she wanted to "learn sexually from one my age?"

Detective Grow sent the defendant a photograph of herself that was taken when Special Agent Grow was approximately 15 years old. The defendant acknowledged receipt of the photograph and told her she was cute. The defendant went on to discuss in detail if "Beachgurlfla" wanted to engage in sexual activity.

The online conversations between the defendant and "Beachgurlfla" continued until January 8, 2006, with the defendant trying to entice, coerce, and persuade "Beachgurlfla" to engage in sexual activity with him. While Detective Grow posed as naive and vulnerable "Beachgurlfla," the defendant old her things including: he wanted to engage in various sexual acts with her[, and] he wanted to be her sexual mentor and he was dominate. The defendant also sent "Beachgurlfla" a photograph, via the internet of himself.

On December 19, 2005, Special Agent Grow working un an undercover capacity, once again logged onto AOL. While logged onto AOL as "Beachgurlfla," Special Agent Grow was contacted via AOL by the defendant using the screen name "Kkurtr1." The defendant wanted to meet "Beachgurlfla" on January 7, 2006. He reiterated his desire to have sex with her.

---

[2] This summary of the facts derives from the plea agreement (Doc. 33).

> The defendant made plans to meet "Beachgurlfla" at the A & F store in Brandon Mall on January 7, 2006, around 11:00 am. On January 7, 2006, at approximately 10:45 am, the defendant was observed at the predetermined meeting place, driving a grey 1986 560 SL two-door convertible Mercedes Benz, the vehicle he had told "Beachgurlfla" he would be driving. He was arrested by members of the Hillsborough County Sheriff's Department.

## GROUNDS

Rhode alleges that counsel was ineffective for failing to adequately investigate and prepare a defense. However, Rhode waived the claim of ineffectiveness by pleading guilty. According to Tollett v. Henderson, 411 U.S. 258, 267 (1973), a guilty plea waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction. "A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992). This waiver includes a claim of ineffective assistance of counsel based on pre-plea issues. "A voluntary guilty plea waives . . . claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." United States v. Glinsey, 209 F.2d 386, 392 (5th Cir.) (citation omitted), cert. denied, 531 U.S. 919 (2000). Consequently, Rhode's guilty plea waived any claim of ineffective assistance of counsel based on counsel's alleged insufficient investigation.

- 3 -

Additionally, in the plea agreement Rhode waived his right to challenge his sentence. The plea agreement specifically states that Rhode "expressly waives the right to appeal defendant's sentence or to challenge it collaterally, on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or c) the ground that the sentence violates the Eighth Amendment to the Constitution. . . ." Plea Agreement ¶5 at 10 (Doc. 33).

The magistrate judge ensured that Rhode understood the significance of the appeal waiver.

> THE COURT: I'd like to discuss a paragraph in . . . your plea agreement . . . [a]nd it's entitled "Appeal of Sentence Waiver." Let me explain that to you first by explaining what your rights are without this paragraph.
>
> Ordinarily, a defendant like you has the right to appeal his or her sentence to the Court of Appeals. In your case, that would be the 11th Circuit Court of Appeals in Atlanta, and you could appeal your sentence if the judge here imposed a sentence in violation of the law or incorrectly applied your sentencing guidelines or gave you a sentence more than the applicable guideline range called for.
>
> By your paragraph in your plea agreement this changes, and you are limiting your right to take an appeal and can only appeal now in certain circumstances: not, for example, the ground the sentence exceeds the applicable guideline range as determined by the court [or] the ground the sentence violates the Eighth Amendment to the Constitution and that amendment deals with cruel and unusual punishment. Or, if the government appeals, then you can appeal.

> Again, the point is, is that you are limiting your right to take an appeal and in effect according to recent 11th circuit case law, you are also in effect waiving your right to claim that your lawyer was ineffective in the sentencing process.
>
> Mr. Rhode, do you understand that you are limiting your right to take an appeal?
>
> MR. RHODE: Yes, I do, Your Honor.

Transcript of Guilty Plea at 20-21 (Doc. 53).

Rhode's sixty-month sentence is the statutory minimum. Consequently, Rhode's waiver of the right to challenge the sentence is controlling and the appeal waiver precludes Rhode's ineffective assistance of counsel claims. <u>Williams v. United States</u>, 396 F.3d 1340, 1342 (11th Cir. 2005) (a valid appeal waiver precludes a Section 2255 claim based on ineffective assistance of counsel at sentencing).

Accordingly, the motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Rhode and close this action.

ORDERED in Tampa, Florida, on June 30, 2008.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE