s:\                 UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                             Case No. 8:06-cr-90-T-23MAP
                                                          8:07-cv-2315-T-23MAP

KURT LOUIS RHODE

                                                         /

## **ORDER**

This matter is before the court for consideration of Rhode's Section 2255 motion to vacate. The Magistrate Judge filed his report (Doc. 34) recommending denying the motion to vacate. All parties were provided copies of the report and recommendation, and on July 12, 2010, Rhode filed his objections. (Doc. 41) The court independently examined the file, including the transcript (Doc. 38) of the evidentiary hearing, and reviewed Magistrate Judge Pizzo's report and recommendation and Rhode's objections. Upon consideration, the objections are overruled and the report and recommendation is adopted, confirmed, and incorporated by reference into this order.[*]

---

[*] The purpose of the evidentiary hearing was to determine whether trial counsel rendered ineffective assistance by not honoring Rhode's request to withdraw the guilty plea at sentencing. The Magistrate Judge accepted the credibility of trial counsel—specifically, "Rhode decided not to withdraw his plea"—and rejected Rhode's credibility—specifically, "credit[ing] Rhode's testimony [is] wholly unacceptable." The Magistrate Judge's credibility determination is accepted. See Louis v. Blackburn, 630 F.2d 1105, 1109 (5th Cir. 1980) ("[T]he district judge should not enter an order inconsistent with the credibility choices made by the magistrate without personally hearing the live testimony of the witnesses whose testimony is determinative."). Moreover, Rhode has never articulated a "fair and just reason" warranting a withdrawal of his guilty plea, as required by Rule 11(d)(2), Fed. R. Crim. P.

Accordingly, the report and recommendation (Doc. 34) is adopted and the objections (Doc. 41) are rejected.  Rhode's motion to vacate sentence (Doc. 1) is **DENIED**.  The clerk shall enter a judgment and close this case.

ORDERED in Tampa, Florida, on July 30, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE